U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| WARREN DEAN CORNETT | CIVIL ACTION NO. 05-1075-A |
|---|---|
| VS. | SECTION P |
| UNITED STATES OF AMERICA | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by petitioner Warren Dean Cornett on or about June 16, 2005. Cornett is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving concurrent life sentences imposed on April 3, 1998 following his conviction on various drug offenses in the United States District Court for the Southern District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petitions [Docs. 1 and 3] establish the following relevant facts:

1. On July 25, 1997, petitioner was convicted of conspiracy to possess cocaine and cocaine base with intent to distribute, aiding and abetting the possession with intent to distribute

cocaine, and aiding and abetting the possession with intent to distribute cocaine following trial by jury in the United States District Court for the Southern District of Texas. On April 3, 1998 he was sentenced to concurrent terms of life imprisonment. See USA v. Warren Dean Cornett, Criminal No. H-95-0256-002, USDC-WD Tex.

2. The United States Fifth Circuit Court of Appeals affirmed his conviction and sentence on March 31, 1999 and issued their mandate on April 22, 1999. See USA v. Cornett, No. 98-20298 (5th Cir. 1999). Cornett did not seek further direct review in the United States Supreme Court.

3. On or about June 7, 2002 petitioner filed a motion to vacate under 28 U.S.C. §2255 in the Western District of Texas. Petitioner claimed ineffective assistance of trial counsel because counsel failed to argue that his federal indictment violated the constitutional prohibition against double jeopardy since petitioner had already been punished by the State of Texas for the same offense. He also argued that the trial court increased his base level offense level score under the Sentencing Guidelines by two levels in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), after having found that petitioner possessed a dangerous weapon during the course of the offense. This increase, he argued, was a violation of the holding of Apprendi because the enhancement was neither alleged in the indictment nor

proven to a jury beyond a reasonable doubt. On July 22, 2002, the District Court dismissed his §2255 Motion as time barred by the one-year limitations period established by the AEDPA. See USA v. Warren Dean Cornett, No. H-02-cv-2244 (USDC, WD Tex) at Docs. 2 and 3]

4. On or about June 16, 2005 petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. In his original petition he argued, (1) "The court erred in making a judicial fact-finding after the jury verdict in violation of the Sixth Amendment right to jury trial and the Fifth Amendment due process by application of a mandatory guidelines sentence." [Doc. 1-1, p. 14], and (2) "The government erred in prosecution of the same crime that the petitioner was tried and convicted of in the state court of Texas a double jeopardy violation under the Fifth Amendment Due Process Clause of the Constitution." [Doc. 1-1, p. 23]

## LAW AND ANALYSIS

1. Claim One

Petitioner challenges his sentence on the basis of the Supreme Court's decisions in Blakely v. Washington, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, --- U.S. ----, ----, 125 S.Ct. 738, 756, --- L.Ed.2d ----, ---- (2004) (which re-affirmed the holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435

(2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). More specifically petitioner claims that the three life sentences imposed following his convictions were unconstitutionally enhanced under the federal sentencing guidelines based on facts not alleged in the indictment and found by a jury or admitted by him. [Doc. 3, paragraph 5(a)]

The initial inquiry is whether or not petitioner's claim is properly raised in a § 2241 habeas petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief

4

under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000).

Petitioner has not shown that § 2255's remedy is inadequate or ineffective. He argues entitlement to § 2241 relief under the § 2255 savings clause because his Blakely/Booker sentencing claim is not cognizable in a second or successive § 2255. While it is true that the Supreme Court's decisions in Blakely and Booker had not yet been decided at the time of petitioner's trial, appeal, and/or prior § 2255 motion, his sentencing claim does not implicate his conviction for a substantive offense; and, the Supreme Court has not expressly declared Blakely and Booker to be retroactive to cases on collateral review. See Booker, --- U.S.

at ----, 125 S.Ct. at 769 (Op. by Breyer, J.) (expressly extending holding "to all cases on <u>direct</u> review"); <u>Schriro v. Summerlin</u>, --- U.S. ----, ----, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of <u>Apprendi</u> to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review); <u>In re Anderson</u>, 396 F.3d 1336, 1338-40 (11th Cir.2005); <u>Green v. United States</u>, 397 F.3d 101, 102-03 (2d Cir.2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir.2005).

The fact that petitioner may be precluded from raising his claim in a second or successive § 2255 motion, does not make that remedy "inadequate or ineffective." See <u>Jeffers</u>, 253 F.3d at 830. Under these circumstances, petitioner cannot challenge the legality of his sentence under § 2241.

2. Claim Two

Petitioner's double jeopardy claim fares no better. In his initial §2255 Motion filed in the Southern District of Texas he argued that his attorney was ineffective because he failed to raise the double jeopardy claim. Clearly petitioner cannot now suggest that the §2255 remedy is inadequate. As stated previously, the fact that his prior § 2255 motion was unsuccessful, or that he may now be unable to meet the statute's

second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000).

### 3. Conclusion

Petitioner has not shown that § 2255's remedy is inadequate or ineffective. Since he has not made the showing required to invoke the savings clause of § 2255 as to either of the claims presented in this *habeas corpus* proceeding, dismissal of this petition is recommended.

Accordingly, and for the foregoing reasons,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* (28 U.S.C. §2241) be **DENIED** and **DISMISSED** with prejudice for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ???? day of December, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE